# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA MYERS<br>2913 Georgia Avenue, N.W.<br>Washington, D.C. 20001,<br><br>　　*Plaintiff*,<br><br>　　v.<br><br>GLOBAL RESOURCES AND SUPPORT, LLC<br>3800 12th Street. N.E.<br>Washington, D.C. 20017<br><br>Serve:　TONYA COPPIN<br>　　　　3800 12th Street. N.E.<br>　　　　Washington, D.C. 20017<br><br>TONYA COPPIN<br>3800 12th Street. N.E.<br>Washington, D.C. 20017<br><br>HAROLD FOX, JR.<br>3800 12th Street. N.E.<br>Washington, D.C. 20017<br><br>JANETTE HEADLEY<br>3800 12th Street. N.E.<br>Washington, D.C. 20017<br><br>　　*Defendants*. | Civil Action No.: 22-32 |

## COMPLAINT

Plaintiff, Joshua Myers ("Plaintiff"), hereby brings this case against Global Resources and Support LLC ("GRS"), Tonya Coppin ("Coppin") (its owner and CEO), Harold Fox, Jr. ("Fox") and Janette Headley (collectively "Defendants"), for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001 *et. seq.* ("DCMWRA") and the District of Columbia Payment and Collection of Wages Law, D.C. Code §§ 32-1301 *et seq.* ("DCPCWL"). Plaintiff alleges as follows:

## SUBJECT MATTER JURISDICTION

1.  The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's District of Columbia claims under 28 U.S.C. § 1367.

2.  This Court has *in personam* jurisdiction over Defendants because all of them conduct business in the District of Columbia and this case arises from Defendants' activities in the District of Columbia.

## VENUE

3.  Venue is proper in this District because Plaintiff's claims arise under District of Columbia law, the Defendants all conduct business in the District of Columbia and this case arises from acts or omissions by Defendants that occurred in the District of Columbia.

## THE PARTIES

4.  At all times relevant to this case, Plaintiff was a resident of the District of Columbia. He was employed by Defendants from October 16, 2016 to January 5, 2022. During the time frame that he was employed by Defendants, he worked anywhere between 40 and 75

hours per week and in some weeks even more. During the time he was employed by Defendants, Plaintiff's compensation ranged from $13.84 per hour to $23.07 per hour. Plaintiff never received an overtime premium for his overtime hours and was not paid anything at all for many of his work hours.

5. GRS is a for-profit corporation organized under the laws of the District of Columbia. It has corporate offices located in the District of Columbia at 3800 12th Street. N.E., Washington D.C. 20017. During the entire time Plaintiff was employed by Defendants, GRS had a contract with the District of Columbia government to provide support services to residents of the District of Columbia who have developmental disabilities. Plaintiff provided services for and on behalf of Defendants under that contract.

6. GRS performs a wide variety of services for developmentally disabled persons who reside in the District of Columbia. GRS employed the Plaintiff directly within the meaning of the FLSA, the DCMWRA, and the DCPCWL, because, through its' owners, members, officers and agents, it hired Plaintiff, set his rate of pay and set the terms and conditions of his employment, maintained his employment records, paid him his wages, supervised him, set his work schedule, disciplined him and decided the manner and method by which he would be paid.

7. GRS also meets the definition of an "Enterprise Engaged in Commerce" under the FLSA (29 U.S.C. § 203(s)(1)(A)(i)), as during all relevant times it had: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

8. Coppin is an employer of Plaintiff within the meaning of the FLSA, the DCMWRA, and the DCPCWL because: (1) she is an owner, member, director, officer, and Chief Executive Officer of GRS; (2) she has operational control over GRS and is significantly involved in its day-to-day operations; (3) she has actual and functional control over GRS's corporate funds, which are used to pay employees, including Plaintiff, and she has the authority to allocate funds as profits in the manner she chooses; (4) she had authority to set Plaintiff's rates and manner of pay, did in fact set the terms and conditions of Plaintiff's pay and she authorized payment of Plaintiff's wages; (5) she had knowledge of and approved of the unlawful manner in which Plaintiff was paid; (6) she had authority to hire and fire Plaintiff and she did in fact hire him; (7) personally and through the use of lower-level managers, she established pay practices and formulated and approved pay policies that caused the violations at issue; (8) she maintained the Plaintiff's employment records; and (9) she assigned tasks to Plaintiff and supervised him during the entire time he was employed by Defendants.

9. Fox is an employer of Plaintiff within the meaning of the FLSA, the DCMWRA, and the DCPCWL because: (1) he is an officer/manager at GRS; (2) he has operational control over GRS and is significantly involved in its day-to-day operations; (3) he had authority to set Plaintiff's pay rates and manner of pay, did in fact set the terms and conditions of Plaintiff's pay and authorized payment of Plaintiff's wages; (4) he had knowledge of and approved of the unlawful manner in which Plaintiff was paid; (5) he had authority to fire Plaintiff; (6) he established pay practices and formulated and approved pay policies that caused the violations at issue; (7) he maintained the Plaintiff's employment records; and (8) he supervised Plaintiff during the entire time he was employed by Defendants.

10. Headley is an employer of Plaintiff within the meaning of the FLSA, the DCMWRA, and the DCPCWL because: (1) she is an officer/manager at GRS; (2) she has operational control over GRS and is significantly involved in its day-to-day operations; (3) she had authority to set Plaintiff's rates and manner of pay, did in fact set the terms and conditions of Plaintiff's pay and authorized payment of Plaintiff's wages; (4) she had knowledge of and approved of the unlawful manner in which Plaintiff was paid; (5) she had authority to fire Plaintiff; (6) she supervised Plaintiff frequently and directly; (7) she established pay practices and formulated and approved pay policies that caused the violations at issue; (8) she maintained the Plaintiff's employment records; and (8) she supervised Plaintiff.

## STATEMENT OF FACTS

11. Plaintiff began his employment with Defendants on October 16, 2016. Plaintiff was initially hired as Direct Support Professional. His job duties included meeting with developmentally disabled clients, taking them to community centers, athletic fields, gyms or libraries for activities and assisting them with job searches and the application process. Some of the clients were living with their parents at their homes and other clients who were in residential homes and he provided job coaching services in other circumstances. Plaintiff visited the clients in their homes or residential facilities. He would also, for example, often assist them with daily living activities such as cooking, cleaning or entertainment. Plaintiff also prepared reports of the progress made by the clients he served, which he did in the afternoons at Defendants' facilities or from his home in the District of Columbia in the evenings or on weekends. Although Plaintiff was subsequently given the titles of "Program Coordinator" or "Program Manager", his primary and core duties remained the same throughout his employment with Defendants and Plaintiff never performed (as a primary duty) functions that would render him exempt from the overtime

requirements of the FLSA, the DCMWRA or the DCPCWL.

12. Throughout Plaintiff's employment with Defendants, they never implemented an accurate time-keeping system and/or they did not keep track of his time accurately. D.C. Code § 32-1008 (a) and (a-1) required Defendants to keep a record of "[t]he precise times [that an employee] worked each day and each workweek" and provide to the employee an "itemized statement" listing, *inter alia*, the "[h]ours worked during the pay period. . . ." Defendants did not maintain accurate time records, as required by law. In fact, at certain points in time, they instructed Plaintiff not to report more than 40 hours per work week and informed him that he would not be paid for any more than 40 hours in any work week. However, in some cases, Defendants paid Plaintiff for overtime hours, but at straight time rates not the time-and-a-half rate required by the overtime laws. In addition, Plaintiff did a great deal of his work outside of Defendants' office and in many instances, Defendants provided no mechanism for keeping track of this time.

13. At all times relevant to the Complaint, Plaintiff regularly spent more than 50% of his work time at locations in the District of Columbia.

14. The applicable statute of limitations under the DCMWRA and the DCPCWL (which went into effect on February 26, 2015), provides that an action, "must be commenced within 3 years after the cause of action accrued, or the last occurrence if the violation is continuous. . . ." D.C. Code § 32-1308 (c)(1). On a continuing and ongoing basis from the time he began his employment with Defendants, they failed to pay Plaintiff an overtime premium for his overtime hours in violation of the DCMWRA and failed to pay him for all hours worked in violation of the DCWPCA and the DCPCWL. Given that the last violation occurred on or about December 31, 2021, the limitations period for the wage claims will not elapse until the December 31, 2024. Therefore, Plaintiff has asserted timely claims for violations of the DCMWRA and the DCPCWL.

6

15.  Plaintiff has also asserted timely wage claims under the DCMWRA and the DCPCWL for another reason: the statute of limitations for his claims under the DCMWRA and the DCPCWL was tolled when his employment began (October 16, 2016) and for each day thereafter, when, on a continuing basis, Defendants, failed to comply with the notice provisions of D.C. Code § 32-1008 (c) and (d) (which became effective on February 26, 2015). Section 32-1008 (c) and (d) required Defendants to provide written notice to Plaintiff of, *inter alia*, his overtime rate of pay and any exemption that applied to him beginning at the inception of his employment with Defendants. *See* D.C. Code § 32-1008 (d)(1)(A). At no time during Plaintiff's employment with Defendants did they comply with the notice provisions by providing Plaintiff with written notice of any type, indicating whether he was exempt or non-exempt from the overtime laws, the specific exemption that applied to him or the applicable rate of his overtime pay. Since Defendants failed to provide the required written notice to Plaintiff, the statute of limitations in § 32-1308 (c) was tolled from the time his employment with Defendants began. This also means that Plaintiff has timely unpaid wage claims for the duration of his employment with Defendants. *See* D.C. Code § 32-1008 (d)(3) ("The period prescribed in § 32-1308 (c), shall not begin until the employee is provided all itemized statements and written notice required by this section").

16.  Plaintiff is therefore entitled to his unpaid overtime wages plus an equivalent amount equal to three times his unpaid wages as liquidated damages pursuant to D.C. Code §§ 32-1012 (b)(1), along with attorney's fees at the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

## COUNT I
## VIOLATIONS OF THE FLSA
### (All Defendants)

17. Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

18. Defendants were employers of Plaintiff within the meaning of the FLSA.

19. Defendants violated the FLSA by knowingly failing to pay Plaintiff any overtime premium for his overtime hours. In addition, they failed to pay him anything at all for some hours of work.

20. The actions of Defendants were not undertaken in good faith and with a reasonable belief that they were complying with the law and therefore, they are liable to Plaintiff for liquidated damages.

21. Defendants are liable to Plaintiff under 29 U.S.C. § 216(b) of the FLSA, for his unpaid overtime premium compensation and a failure to pay for some hours worked, plus an additional equal amount as liquidated damages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rates, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by *D.L. v. District of Columbia*, 924 F.3d 585, 591-95 (D.C. Cir. 2019).

22. The claims in this Court extend back three years from the date this Complaint was filed.

## COUNT II
## VIOLATIONS OF THE DCMWRA
### (All Defendants)

23. Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

24. At all times relevant to the Complaint, Plaintiff was an "employee" of Defendants within the meaning of D.C. Code § 32-1002 (2).

25. At all times relevant to the Complaint, Defendants were "employers" of Plaintiff within the meaning of D.C. Code § 32-1002 (3).

26. Defendants violated the DCMWRA by failing to pay Plaintiff any overtime premium for his overtime hours and failed to pay him anything at all for some of the hours he worked.

27. This claim extends back to the inception of Plaintiff's employment with Defendants (October 16, 2016).

## COUNT III
## VIOLATIONS OF THE DCPCWL
### (All Defendants)

28. Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

29. At all times relevant to the Complaint, Plaintiff was an "employee" of Defendants within the meaning of D.C. Code § 32-1301 (2).

30. At all times relevant to the Complaint, Defendants were "employers" of Plaintiff within the meaning of D.C. Code § 32-1301 (1B).

31. Defendants violated the DCPCWL by failing to pay Plaintiff anything at all for some of his hours of work (including straight-time hours and overtime hours).

32. As a result of the violations of the DCPCWL, Defendants are liable for Plaintiff's unpaid wages, liquidated damages equal to three times the unpaid overtime and straight-time wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rates, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

33. This claim extends back to the inception of Plaintiff's employment with Defendants (October 16, 2016).

## RELIEF REQUESTED

Plaintiff requests the following relief:

A. enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on their violations of the FLSA, in the amount of Plaintiff's unpaid and illegally withheld overtime wages, plus an amount equal to their unpaid overtime wages as liquidated damages, for violations occurring during Plaintiff's employment with Defendants;

B. enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on their violations of the DCMWRA and the DCPCWL, in the amount of Plaintiff's unpaid and illegally withheld overtime and straight-time wages, plus an amount equal to three times the amount of unpaid overtime wages as liquidated damages, for violations occurring during Plaintiff's employment with Defendants; and

C. enter judgment against Defendants, jointly and severally, for Plaintiff's attorneys' fees incurred in this action at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015) and litigation costs and expenses, as required by D.C. Code § 32-1308 (b)(1).

Respectfully submitted,

Respectfully submitted,

/s/Omar Vincent Melehy
Omar Vincent Melehy
DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
E-mail: ovmelehy@melehylaw.com
Telephone: (301) 587-6364
Facsimile: (301) 587-6308
*Attorney for Plaintiff*